FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 29, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DANNY C.,

Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.

No. 2:25-CV-03168-JAG

**ORDER AFFIRMING DECISION OF THE ALJ**

**BEFORE THE COURT** is Plaintiff's Opening Brief, the Commissioner's Brief in response, and Plaintiff's Reply. ECF Nos. 11, 16, and 17. Attorney D. James Tree represents Danny C. (Plaintiff); Special Assistant United States Attorney Melissa DelGuercio represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 3. After reviewing the administrative record and briefs filed by the parties, AFFIRMS the ALJ's decision.

## I. JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on November 23, 2022, alleging disability since

January 1, 2022, due to Anxiety, Blood Clots- Legs and hips, Deep vein thrombosis, Depression, Right shoulder pain, Right hand and finger numbness, Stroke. Tr. 95. Plaintiff's claim was denied initially and on reconsideration, and he requested a hearing before an administrative law judge (ALJ). Tr. 159. A hearing was held on September 23, 2024, at which vocational expert Terri Crawford and Plaintiff, who was represented by counsel, testified. Tr. 67–68. ALJ Christina Mein presided. Tr. 67. The ALJ denied benefits on October 24, 2024. Tr. 14. The Appeals Council denied review. Tr. 1. The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 24, 2025. ECF No. 1.

## II. STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and are only briefly summarized here. Plaintiff was born in 1969 and was 52 on the alleged onset date. Tr. 95. Plaintiff has not been employed for more than ten years. Tr. 78.

## III. STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV. SEQUENTIAL EVALUATION PROCESS

The Commissioner established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V. ADMINISTRATIVE FINDINGS

On October 24, 2024, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-29.

At ***step one***, ALJ Mein found that Plaintiff had not engaged in substantial gainful activity since November 23, 2022. Tr. 20.

At ***step two***, she found Plaintiff had the severe impairments of ischemic stroke (in the setting of methamphetamine use) and major depressive disorder. Tr. 20.

At ***step three***, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). Tr. 20.

The ALJ also found that Plaintiff has the residual functional capacity ("RFC") to perform medium work as defined in 20 CFR 416.967(c), with the following limitations:

> except he can understand, remember, and carry out simple instructions; and he can occasionally interact with co-workers and supervisors, but cannot interact with the public in the performance of job duties

Tr 22.

At ***step four***, the ALJ found that Plaintiff had no past relevant work. Tr. 27.

At ***step five***, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the medium work of cleaner II; box truck washer, and poultry hanger; as well as light exertional jobs of cleaner, housekeeping, injection machine molding tender, and marker. Tr. 28

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 29.

## VI. ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends that the ALJ erred by improperly discounting subjective symptom testimony and improperly rejecting Dr. Shulz's opinion.

## VII. DISCUSSION

### A. <u>**Plaintiff's Subjective Statements.**</u>

Plaintiff contends the ALJ erred by improperly rejecting his subjective complaints. ECF No. 11. It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996), *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester* at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ's finding that the "intensity, persistence and limiting effects of [Plaintiff's reported] symptoms are not entirely consistent with the medical

evidence and other evidence in the record" is supported by specific, clear and convincing evidence. Tr. 23. Regarding the residual effects from the stroke, the ALJ reviewed the medical evidence noting that despite Plaintiff's testimony, medical records reflect consistent improvement of his right-side deficiencies. Tr. 24. Although at a more recent appointment he reported a reoccurrence of symptoms, he demonstrated dexterity with both hands for fine motor manipulation, full strength on both sides as well as a normal ambulation. Tr. 24. Further, the ALJ considered that Plaintiff was offered occupational therapy, but declined to participate. Tr. 24.

Despite the ALJ's thorough review of the record, including factual support for the physical limitations, the ALJ's analysis would be more helpful were it to include terms of art linking the facts with the legal rationale for rejecting Plaintiff's subjective complaints. That said, the painstaking analysis and review of the medical record provides clear context for the Court to infer the legal basis for the ALJ's factual findings. Thus, the ALJ reasonably concluded that numbness complaints would not interfere with his ability to perform medium work, with the limitations opined despite Plaintiff's rather extreme recitation of his limitations.

**B. <u>Lay Opinion Testimony</u>**

Since the time the parties submitted their briefs, the Ninth Circuit issued two opinions addressing an ALJ's duty to articulate their reasons for discounting lay testimony, *Fain v. Bisignano*, No. 25-3219, 2026 WL 2795427 (9th Cir. Sept. 18, 2026) and *Collard v. Bisignano*, No. 25-6334, 2026 WL 2856741 (9th Cir. Sept. 23, 2026). In *Fain*, the Ninth Circuit held the Social Security Administration's 2017 revisions to regulations did not abrogate the "germane reasons" standard required to discredit lay testimony. *Fain* at 5. The Ninth Circuit found the error was not harmless because the lay testimony in that case included details that were not included in Fain's own testimony. *Id.* at 6. In *Collard*, the Ninth Circuit found

error in the ALJ's assessment of Collard's credibility, so the ALJ also erred in discrediting the lay testimony that paralleled Collard's testimony. *Collard* at 4.

Recent Ninth Circuit opinions have clarified that an ALJ's failure to provide any reasoning for discounting lay testimony is error. However, these opinions do not alter prior case law holding that "an ALJ's failure to comment upon lay witness testimony is harmless where the same evidence that the ALJ referred to in discrediting the claimant's claims also discredits the lay witness's claims." *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012). *Collard* clarified that where the ALJ erred in assessing the claimant's claims, the error is no longer harmless. The ALJ in this case, however, did not err in assessing claimant's claims. Therefore, even if the ALJ erred in failing to provide reasoning to discount the lay witness testimony in this case, that error is harmless as Daniel Corbett's testimony is similar to Plaintiff's and the Court has found the ALJ's reasons for discounting Plaintiff's testimony were adequate.

**C. <u>Medical Opinion --*Jenifer Fitterer Schultz, Ph.D*</u>**

Plaintiff complains that substantial evidence did not support the ALJ's rejections of Jenifer Schultz' opinion. For claims filed on or after March 27, 2017, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. § 416.920c(a) and (b), 20 C.F.R. § 404.1520c(c). The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5), 20 C.F.R. § 404.1520c(c).

Supportability and consistency are the most important factors, and the ALJ must explain how both factors were considered. 20 C.F.R. § 416.920c(b)(2), 20

C.F.R. § 404.1520c(c). The ALJ may explain how the ALJ considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.* Supportability and consistency are explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c)(1)-(2) and 20 C.F.R. § 404.1520c(c).

The Ninth Circuit has addressed the issue of whether the regulatory framework displaces the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The Court held that the 2017 regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies. *Id.* at 788-89, 792. The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* at 790, 792. Even under the new regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent. *Id.* at 792. The ALJ's finding that

psychological consultative examiner Jenifer Schultz's opinion was unpersuasive was supported by substantial evidence. The ALJ noted that the opinion was "vague and equivocal with respect to the extent of the claimant's limitations." Tr. 26. The ALJ noted that rather than reaching independent conclusions based on review of the record, Dr. Schultz endorsed Plaintiff's complaints without accounting for her own observations. The ALJ noted that Dr. Schulz did not express the basis of her opinion, but that the medical record did not reflect the severity of limitations Dr. Schultz opined. Tr. 26. Although Plaintiff is correct that self-reports must be incorporated in mental health assessments, it was not unreasonable for the ALJ to look for independent conclusions based on Dr. Schultz's professional experience and review of the record. The ALJ repeatedly notes that Dr. Schultz's opinions relied solely on Plaintiff's self-reports, lacking reference to or foundation upon Dr. Schultz's professional assessment of the reported symptoms, independently conducted physiological assessments, a review of the medical record, and Plaintiff's history of mental health treatment. Tr. 26. An ALJ may reject a medical source's opinion when the medical source relied "more heavily on a patient's self-reports than on clinical observations." *Ghanim v. Colvin,* 763 F.3d 1154, 1162 (9th 2014). The ALJ did not err in discounting Dr. Schultz's opinions that relied entirely on Plaintiff's self-reports and not on clinical observations.

## VIII. CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error. Accordingly, **IT IS ORDERED**:

1. Defendant's request that the Court affirm the decision of the Commissioner, **ECF No. 16**, is **GRANTED**.

2. Plaintiff's request for remand with an award of benefits, **ECF No. 11**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED September 29, 2026.

JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE